**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 03:53 PM November 13, 2012**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| BRENT A. UNGAR, | CASE NO. 10-60671 |
| Debtor. | JUDGE RUSS KENDIG |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Now before the court is debtor's motion requesting credit for exemptions ("motion"), filed on September 10, 2012, and the chapter 7 trustee's ("Trustee") response to the motion, filed on September 13, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS

Debtor filed the motion seeking the Trustee to refund the exempt portion of $11,570.00,

1

which represents the proceeds paid by Debtor to Trustee for his household goods. By way of background, Debtor reported household goods with a value of $2,500.00 on Schedule B. Being jointly administered with this case is also the chapter 7 cases of Belden Village Pain & Wellness, Inc., case no. 10-61935, and Advanced Clinical Management, Inc., case no. 10-62145. These two businesses were owned by Debtor. During the pendency of this case, Trustee became aware that Debtor commingled his personal property with the property of the two businesses. For this reason, Trustee, on July 22, 2012, filed a motion for immediate turnover which included a request to conduct an inventory and appraisal of Debtor's property at this residence. On July 22, 2010, the Court entered an order granting Trustee's request and allowing her to conduct an inventory and appraisal of all items located at Debtor's residence.

As a result of the inventory and appraisal of Debtor's residence, Trustee determined that Debtor's households goods held a value of $10,060.00 (total value of $16,335.00 less property valued at $4,275.00, located outside Debtor's residence, and $2,000.00 for a John Deere Gator owned by a third party). On December 2, 2010, Trustee filed a notice of proposed sale of personal property other than in the ordinary course of business ("Notice") whereby she proposed that she would sell Debtor's household goods to Debtor for $11,570.00. Such amount constitutes the value of the household goods plus payment to Trustee for costs related to inventory at Debtor's residence. No objections were made to Trustee's Notice. On December 27, 2010, Trustee filed a report of sale of personal property ("Report") which confirmed that the sale of the household goods had been completed and that Trustee received $11,570.00 from Debtor and deposited it into the estate account.

Debtor now moves for a refund of the exempt portion of the $11,570.00 on the basis that Trustee manipulated Debtor into completing the aforementioned transaction. Debtor's argument in support of a refund of his exemption is extremely confusing and long-winded. In short, it appears that Debtor is arguing that Trustee convinced Debtor that he had concealed assets, that he would be punished for such concealment of assets, and then strong-armed Debtor into paying the $11,570.00 to Trustee to avoid any allegations of concealment of assets.[1] Trustee opposes Debtor's motion and argues that she had reasonable grounds to believe that Debtor concealed assets, she made an offer to Debtor to sell the household goods to him for full value, and that Debtor, after conferring with his attorney, accepted Trustee's offer.

## LAW AND ANALYSIS

Debtor fails to cite any law to support refund of his exemption. In fact, in twenty-six (26) pages of memorandum attached to the motion, Debtor appears to base his request for refund of his exemption on the argument that Trustee apparently forced him to pay for his household goods. Debtor also seems to base his request on the Court's memorandum of opinion, entered on July 21, 2011. Debtor's reliance on the Court's opinion to support a refund of his exemption is misplaced.

---

[1] Debtor also bases his Motion on the Court's memorandum of opinion, entered on July 21, 2011, in corresponding adversary case no. 10-6094. In this memorandum of opinion adjudicating cross-motions for summary judgment, the Court discussed that it appeared that Debtor paid Trustee the full value of his household goods without credit for exemptions and that the full value of the household goods was within the parameters of Ohio exemptions.

2

The Court discussed Debtor's exemption in his household goods in dictum and made no finding of whether or not Debtor actually received a credit for his exemption or if Debtor is even entitled to an exemption for household goods.

The Court does not believe that Trustee forced Debtor to pay the estate $11,570.00 for several reasons. First, Debtor at the time of entering the agreement with Trustee was represented by counsel. The Court assumes that Debtor's counsel advised him of the consequences of both agreeing to and refusing Trustee's offer. Second, along with Trustee's Notice, she also filed a 20A notice which informed any interested party, including Debtor, that objections to the sale must be filed on or before December 23, 2010. Debtor failed to file any opposition to Trustee's Notice. In fact, Debtor, through counsel, paid Trustee the $11,570.00 on September 21, 2010. By failing to object to Trustee's Notice by December 23, 2010 and by actually paying Trustee the funds, Debtor waived his opportunity to object to Trustee's Notice. Debtor entered in an agreement with Trustee and is now bound by that agreement.

Accordingly, the Court will deny Debtor's motion. An appropriate order will be entered simultaneously with this memorandum of opinion.

#   #   #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Wallace W. Walker, Jr., Esq.
7774 Oakhurst Cir
Brecksville, OH 44141

James R Kandel
101 Central Plaza S
Ste 1003
Canton, OH 44702-1433